IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONALD SCOTT                                                                                    PLAINTIFF

v.                                         No. 5:05CV00036 GH

P.A.C.E. INTERNATIONAL UNION                                                      DEFENDANT

## ORDER

Pending before the Court is defendant's motion to stay proceedings and for assessment of attorney's fees in the amount of $10,020.00. It states that the Court granted the nonsuit of plaintiff's previous case, upon condition of refiling, that plaintiff would pay defendant's attorney's fees and costs that would be duplicated in defense of the new action. Defendant continues that 80% of the attorney's fees actually paid for the trial preparation be assessed as those fees will be duplicated in any future trial preparation for the refiled case. Attached to the motion is the affidavit of defendant's counsel stating that defendant was billed 100.2 hours of work at $125.00 for actual trial-preparation type work, not pre-trial phase, for a total of $12,525.00; that telephone, copying, and postage expenses while billed are not being claimed; that a fair assessment of the amount of work necessary to prepare the case for a trial in this case will be about 80% of the work expended in the prior case as some of the work will not have to be duplicated. Also attached is an itemized statement of the fees billed to defendant. Defendant argues that the case had previously been prepared in early 2004 to the point of actual trial preparation for the February 23, 2004 setting so that the actual trial

preparation for the February 3, 2005 trial is a fair indication of the amount of work that will have to be repeated when this case is again being prepared for trial.

Although plaintiff was granted an extension of time until March 18, 2005, in which to file a response, the docket sheet does not reflect that a response was ever filed with the Clerk. However, defendant apparently received a response since it filed a reply on March 28th.[1]

In the reply, defendant states that the response requests the Court to reconsider and reverse its decision to require the payment of reasonable attorney's fees as a condition of refiling in spite of the applicable Eighth Circuit law an the suggestion for a delayed payment would defeat the purpose of the payment. It counters plaintiff's argument that his trial should be expedited so the duplicated fees would be less by pointing out that it would be unfair to other litigants and that even a moderate delay would still occasion substantial duplication of trial preparation especially since plaintiff has made new allegations which must be defended against. To objections as to the specific fees, defendant states that the fees claimed are only for the immediate pre-trial work during the month before trial incident to preparing for the trial itself and not for any of the general discovery or general investigation and preparation of the case and the fact that some of the trial preparation for the work done for the 2004 setting had to redone in 2005 proves that point. Defendant asserts that plaintiff has failed to state what portion of the time should be fairly regarded as representing duplicated time necessary to prepare this case again and that plaintiff's claims that conference with

---

[1]The docket sheet also reflects that defendant filed a response on April 6th to a motion for reconsideration; however, the docket sheets for both this case and 5:02CV00208 GH do not show that such a motion was ever filed with the Clerk. While the undersigned's chambers did receive faxed copies of these documents, plaintiff's counsel was advised by the Court's staff that the original documents had to be filed with the Clerk's office before they could be considered. See, Local Rules 5.5(a) and 7.2.

witnesses were "inordinate" in length can be judged by the Court as to whether the time requested is reasonable in a trial of this nature. It continues that the rate and fees were billed and paid by defendant so plaintiff cannot claim that the hourly rate is not reasonable.

By order filed on February 2, 2005, the Court granted plaintiff's motion for voluntary dismissal in 5:02CV00208 GH upon the following conditions: that plaintiff was to pay to the Clerk of the Court, within 30 days from the file-date of that order, jury attendance fees of $1,880.00 and mileage of $630.00 for a total of $2,510.00 and, if plaintiff re-filed this lawsuit, the provisions of Civil Procedure Rule 41(d) as to the dismissal of this action would apply. That order was amended on February 25, 2005 to provide that plaintiff, upon a refiling of the complaint, would be required to pay the defendant's attorney fees and costs that would be duplicated in a repeated defense of the action under Rule 41(a)(2).

The Court again cites the case of <u>Kern v. TXO Production Corp.</u>, 738 F.2d 968, 972 (8th Cir. 1984) which stated that the plaintiff there "should be required to make a payment to defendant as a condition of maintaining a second action, if she decides to file one and does so within the relevant period of limitations. If the second suit is filed in a federal court, payment of the sum found to be appropriate will be a condition precedent to any action's taking place in the suit subsequent to the filing of the complaint."

The relevant portions of the February 2, 2005 hearing in 5:02CV00208 GH are set out below:

THE COURT: All right, I'm going to grant your motion and, of course, the first condition is that you are to pay the clerk $2,510, which constitutes jury mileage of $630 and the jury fees of $1,880. And in addition, if you refile, you will have to pay the cost and fees that defendant has generated to date. Now, at that time you may submit in a pleading whatever

you think that would serve as a basis for the court to reconsider, but this is the holding of the court. It's granted but you will have to tender the cost and fees generated thus far by the defendant.

MR. KEARNEY: Your Honor, I want to make sure that I'm clear. Does the court mean that generated by today or –

THE COURT: Well, yes, by today. That's your position, isn't it?

MR. BURNETT: It is. And the way it's worked or has been worked, that a defendant does work which the court determines is work of some sort of enduring nature that should not have to be repeated doesn't have to be paid. But the work that has been done to date that's going to have to be repeated is paid.

THE COURT: You can submit, in connection with your proffer, any claims or defenses you would like to assert and you can respond to it.

MR. BURNETT: But it would only be upon refiling of the case.

THE COURT: Yes, that is if he refiles the case.

MR. BURNETT: Yes.

The Court has carefully reviewed the affidavit and itemized statement submitted regarding the requested fees. The Court notes that the hours requested are limited to the period consisting of a little over a month prior to trial through the morning of the scheduled trial. The Court has also reviewed the amended complaint filed in 5:02CV00208 GH and the parties' pretrial disclosure sheets as to the scope of the claims and the number of anticipated witnesses and exhibits. The Court is persuaded that defendant has indeed limited its requested fees to those hours that will have to be duplicated as trial preparation and that the number of hours and the hourly rate requested are

reasonable. It is clear that the majority of the hours of preparation were expended, as to be expected, in the two weeks prior to trial and involved several conferences with plaintiff's counsel. Under these circumstances, especially considering the timing of the nonsuit, the Court is persuaded that defendant's motion should be granted.

Accordingly, defendant's motion (#2) to stay proceedings and for assessment of attorney's fees is granted. The Court hereby stays any further action in this case until plaintiff pays defendant the sum of $10,020.00 in attorney's fees that has been incurred as a result of the previous nonsuit and will be duplicated in this litigation for trial preparation.

IT IS SO ORDERED this 7th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE